JUDGE PETERS
delivered the opinion oe the court.
M. D. Curry published his will in the state of Missouri in the month of October, 1859, and died there very soon thereafter. The will was probated, and it appears in the pleading of plaintiff below that the testator bequeathed to Colonel Cogswell, who was then a citizen of Missouri, a horse, which he describes as being then ‘ ‘ at Lilly’s, in Kentucky;” and this is all of the will that appears in the *592 record, except Perry A. Curry was nominated therein as executor
In 1863 this action was brought by the executor against Pleasant Lilly for two hundred dollars, the price of property of his testator alleged to have been sold by him, and which sum he had failed to pay over.
Lilly contested the plaintiff’s right to recover, after admitting that testator had left a horse in his custody when he went to Missouri, which he had by authority from the owner sold for two hundred dollars, on the ground that one Anderson, a creditor, of Colonel Cogswell, the legatee, had attached the price of said horse in his hands, to whom, by the judgment of the Harrison Circuit Court, he was adjudged to pay the said two hundred dollars, and he had paid to him about one hundred and eighty dollars thereof, and claimed the residue of the sum for keeping and selling, the horse.
The parties agreed that a statement of facts made by Lilly should be taken as evidence in the case, which are substantially that testator, before he left Kentucky, authorized him to sell the horse left with him if he thought proper to do so; that some time before the death of testator he did sell the horse for two hundred dollars, had collected the price, and that William Anderson brought •an action against Cogswell, to whom the horse was bequeathed, and himself, for the price, claiming to be a creditor of Cogswell, got a judgment for the price of the horse, one hundred- and seventy-five dollars of which he paid to Anderson shortly after the recovery of the •judgment. Judgment was rendered by the court below in favor of the executor, and Lilly has appealed.
A specific legacy is defined to be the bequest of a particular thing, specified and distinguished from all others of the same kind (Wills on Executors, page 944), and *593 a bequest of a horse at a particular place is given as an example. The bequest of the horse at Lilly’s was a specific legacy to Cogswell, and the first question is, wat. the sale before the death of testator an ademption of that legacy ?
The same author above quoted, page 1124, after discussing what would and what would not amount to an ademption, says it may now be considered as established, according to the words of Lord Thurlow in Humphries v. Humphries, that the only rule to be adhered to is to see whether the subject of the specific bequest remained in specie at the time of the testator’s death; for if it did not, then there must be an end of the bequest, and the idea of discussing what were the particular motives and intentions of the testator in each case in 'destroying the subject of the bequest would be productive of endless uncertainty and confusion. And if a specific legacy be alienated by the testator before his death, the law presumes an intention to adeem it, and it will be considered as adeemed unless there be circumstances to repel this legal presumption. (6 Pick. 48; 14 Johnson’s Rep. 324.)
The sale of the horse therefore before the death of testator was an ademption of the legacy, unless the rule of the common law is changed by our statute, which on examination will be found to recognize the rule as here stated, except where the heir is the legatee, and then the exception is made in his favor; the provision of which is as follows: The conversion in whole or in part of money or property, or the proceeds of property, devised to one of festator’s heirs, into other property or thing, with or without the assent of the testator, shall not be an ademption of the legacy or devise, unless the testator so intended it; but the devisee shall have and receive the value of such devise unless a contrary intention on the part of the *594 testator appear from the will, or by parol or other evidence. (2 Revised Statutes, 2, 3.)
As the legacy to Cogswell was adeemed, was appellee concluded by the judgment in favor of Anderson against appellant? In that action the executor was no party: Anderson did not make him a defendant, and appellant failed to require an interpleader between the appellee and Anderson, as he might have done, and as it was his duty to do, as well for his own protection as in justice to the executor; and as the látter was no party to said proceedings, he can not be concluded by the judgment in that case.
It results therefore that the judgment in this case must be affirmed.